IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERIK GARCIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | FILE No. |
| M.C. COY, INC. and | ) | |
| YENMAI LIMITED PARTNERSHIP, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW, ERIK GARCIA, by and through the undersigned counsel, and files this, his Complaint against Defendants M.C. COY, INC. and YENMAI LIMITED PARTNERSHIP, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG").  In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1.     This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq*., based upon Defendants' failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2.     Plaintiff ERIK GARCIA (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Houston, Texas (Harris County).

3.     Plaintiff is disabled as defined by the ADA.

4.     Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing,

1

grabbing, grasping and/or pinching.

5.      Plaintiff uses a wheelchair for mobility purposes.

6.      Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA.  His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to the Property as soon as it is accessible ("Advocacy Purposes").

7.      Defendant, M.C. COY, INC. (hereinafter "M.C. COY, INC."), is a Texas company that transacts business in the State of Texas and within this judicial district.

8.      Defendant, M.C. COY, INC., may be properly served with process via its registered agent for service, to wit:   Mai Long Thanh, Registered Agent, 3744 Broadway, Houston, TX 77017.

9.      Defendant, YENMAI LIMITED PARTNERSHIP (hereinafter "YENMAI LIMITED PARTNERSHIP"), is a Texas limited partnership that transacts business in the State of Texas and within this judicial district.

10.      Defendant, YENMAI LIMITED PARTNERSHIP, may be properly served with process via its registered agent for service, to wit:   Minh V. Mai, Registered Agent, 3418 Broadway Street, Houston, TX 77017.

## FACTUAL ALLEGATIONS

11.     On or about June 22, 2019, Plaintiff was a customer at "Food Valley Dong Mai Supermarket" a business located at 3418 Broadway Street, Houston, TX  77017, referenced herein as "Food Valley".

12.     M.C. COY, INC. is the lessee or sub-lessee of the real property and improvements that are the subject of this action and operates Food Valley.

13.     YENMAI LIMITED PARTNERSHIP is the owner or co-owner of the real property and improvements that Food Valley is situated upon and that is the subject of this action, referenced herein as the "Property."

14.     Plaintiff lives 15 miles from Food Valley and the Property.

15.     Plaintiff's access to the business(es) located 3418 Broadway Street, Houston, TX 77017, Harris County Property Appraiser's account number 1309570010001 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendant, M.C. COY, INC. and YENMAI LIMITED PARTNERSHIP, are compelled to remove the physical barriers to access and correct the ADA violations that exist at Food Valley and the Property, including those set forth in this Complaint.

16.     Plaintiff has visited Food Valley and the Property at least once before as a customer and advocate for the disabled.  Plaintiff intends on revisiting Food Valley and the Property within six months or sooner, as soon as the barriers to access detailed in this Complaint are removed and Food Valley and the Property is accessible again.  The purpose of the revisit is to be a regular customer, to determine if and when Food Valley and the Property is made

accessible and to maintain standing for this lawsuit for Advocacy Purposes.

17.     Plaintiff intends on revisiting Food Valley and the Property to purchase goods and/or services as a regular customer living in the near vicinity as well as for Advocacy Purposes, but does not intend to re-expose himself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

18.     Plaintiff travelled to Food Valley and the Property as a customer and as an independent advocate for the disabled, encountered the barriers to access at Food Valley and the Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Food Valley and the Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

19.     On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

20.     Congress found, among other things, that:

(i)     some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii)    historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii)   discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv)    individuals with disabilities continually encounter various forms of

4

discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v)     the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

21.     Congress explicitly stated that the purpose of the ADA was to:

(i)     provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)    provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

* * * * *

(iv)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

22.      The congressional legislation provided places of public accommodation one and

a half years from the enactment of the ADA to implement its requirements.

23.     The effective date of Title III of the ADA was January 26, 1992 (or January 26,

1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C.

§ 12181; 28 C.F.R. § 36.508(a).

24.     Food Valley is a public accommodations and service establishment.

25.     The Property is a public accommodation and service establishment.

26.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

27.     Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

28.     Food Valley must be, but is not, in compliance with the ADA and ADAAG.

29.     The Property must be, but is not, in compliance with the ADA and ADAAG.

30.      Plaintiff has attempted to, and has to the extent possible, accessed Food Valley and the Property in his capacity as a customer of Food Valley and the Property as well as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at Food Valley and the Property that preclude and/or limit his access to Food Valley and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

31.     Plaintiff intends to visit Food Valley and the Property again in the very near future as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at Food Valley and the Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at Food Valley and the Property that preclude and/or limit his access to Food Valley and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein,

including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

32.     Defendants, M.C. COY, INC. and YENMAI LIMITED PARTNERSHIP, have discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of Food Valley and the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

33.     Defendants, M.C. COY, INC. and YENMAI LIMITED PARTNERSHIP, will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants, M.C. COY, INC. and YENMAI LIMITED PARTNERSHIP, are compelled to remove all physical barriers that exist at Food Valley and the Property, including those specifically set forth herein, and make Food Valley and the Property accessible to and usable by Plaintiff and other persons with disabilities.

34.     A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed, or was made aware of prior to the filing of this Complaint, that precluded and/or limited Plaintiff's access to Food Valley and the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of Food Valley and the Property include, but are not limited to:

**ACCESSIBLE ELEMENTS:**

(i)     The access aisles to the accessible parking spaces directly in front of Food Valley are not level due to the presence of a ramp in the access aisles in violation of Section 502.4 of the 2010 ADAAG standards. This violation made it dangerous

and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(ii)    The accessible curb ramp is improperly protruding into the access aisles of the accessible parking spaces directly in front of Food Valley in violation of section 406.5 of the 2010 ADAAG Standards.   This violation made it difficult and dangerous for Plaintiff to exit/enter their vehicle.

(iii)   The accessible parking space across the vehicular way from Food Valley is missing proper identification signs in violation of Section 502.6 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(iv)    Due to a policy of placing a propane tank holder in close proximity to a concrete column, there are publicly accessible areas of the Property having accessible routes with clear widths below the minimum 36 (thirty-six) inch requirement as required by Section 403.5.1 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access exterior public features of the Property.

(v)     Due to a policy of placing a propane tank holder in close proximity to a concrete column along the exterior accessible route, there is no one accessible route connecting the accessible facilities, elements and spaces on the same site in violation of section 206.2.2 of the 2010 ADAAG Standards.

(vi)    There is an excessive vertical rise at the base of the accessible ramp located in front of Food Valley in violation of Sections 303.2 and 405.4 of the 2010

ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access public features of the Property.

**INSIDE FOOD VALLEY**

(vii)    The interior of Food Valley has sales and services counters, including the Western Union, meat counter and seafood counter, lacking any portion of the counter that has a maximum height of 36 inches from the finished floor in violation of Section 904.4 of the 2010 ADAAG standards, all portions of the sales and service counter exceed 36 inches in height from the finished floor. This violation made it difficult for Plaintiff to properly transact business at the Property.

(viii)    The vertical reach to the service bell at the fish counter exceeds the maximum allowable height of 48 inches above the finish floor or ground in violation of Section 308.3.1 of the ADAAG standards. This violation made it difficult for Plaintiff to property utilize public features of the Property.

(ix)    The door leading to the restroom area inside Food Valley requires an opening force in excess of 5lbs in violation of Section 309.4 of the 2010 ADAAG standards.  This made it difficult for Plaintiff to utilize the restroom facilities.

(x)    Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

**RESTROOMS IN FOOD VALLEY**

(i)    The restroom lacks restroom signage in compliance with Sections 216.8 and 703 of the 2010 ADAAG standards. This made it difficult for Plaintiff to locate accessible restroom facilities.

(ii)     The mirror in the bathrooms exceeds the maximum height permitted by Section 603.3 of the 2010 ADAAG standards. This violation made it difficult for the Plaintiff to properly utilize public features of the restroom.

(iii)    The paper towel dispenser in the restroom is located outside the prescribed vertical reach ranges set forth in Section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

**(iv)**    The door leading to the restroom area, this door lacks  a proper minimum maneuvering clearance when exiting due to the proximity of the adjacent wall in violation of Section 404.2.4 of the 2010 ADAAG standards.  This made it difficult for Plaintiff to safely utilize the restroom facilities.

(v)     The door leading to the restroom area, this door requires more than 5 lbs of force to open in violation of section 309.4 of the 2010 ADAAG Standards.

35.     The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at Food Valley and the Property.

36.     Plaintiff requires an inspection of Food Valley and the Property in order to determine all of the discriminatory conditions present at Food Valley and the Property in violation of the ADA.

37.     The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

38.      All of the violations alleged herein are readily achievable to modify to Food Valley and the Property into compliance with the ADA.

39.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Food Valley and the Property is readily achievable because the nature and cost of the modifications are relatively low.

40.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Food Valley and the Property is readily achievable because Defendants, M.C. COY, INC. and YENMAI LIMITED PARTNERSHIP, have the financial resources to make the necessary modifications.

41.     Upon information and good faith belief, Food Valley and the Property have been altered since 2010.

42.     In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

43.     Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants, TIMEOUT #3 SPORTSBAR, LLC and RIVER OAKS AT FAIRMONT PKWY, LLC, are required to remove the physical barriers, dangerous conditions and ADA violations that exist at Food Valley and the Property, including those alleged herein.

44.     Plaintiff's requested relief serves the public interest.

45.     The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants, M.C. COY, INC. and YENMAI LIMITED PARTNERSHIP.

46.     Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants, M.C. COY, INC. and YENMAI LIMITED PARTNERSHIP, pursuant to 42 U.S.C. §§ 12188 and 12205.

47.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants, M.C. COY, INC. and YENMAI LIMITED PARTNERSHIP, to modify Food Valley and the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)     That the Court find Defendant, M.C. COY, INC., in violation of the ADA and ADAAG;

(b)     That the Court find Defendant, YENMAI LIMITED PARTNERSHIP, in violation of the ADA and ADAAG;

(c)     That the Court issue a permanent injunction enjoining Defendants, M.C. COY, INC. and YENMAI LIMITED PARTNERSHIP, from continuing their discriminatory practices;

(d)     That the Court issue an Order requiring Defendants, M.C. COY, INC. and YENMAI LIMITED PARTNERSHIP, to (i) remove the physical barriers to access and (ii) alter the subject Food Valley and the Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(e)     That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(f)     That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: August 15, 2019.

Respectfully submitted,

12

/s/ Douglas S. Schapiro
Douglas S. Schapiro, Esq.
*Attorney-in-Charge for Plaintiff*
Southern District of Texas ID No. 3182479
The Schapiro Law Group, P.L
7301-A W. Palmetto Park Rd., #100A
Boca Raton, FL 33433
Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com